# Reference Request Sheet

 **ARCIS** | Archives and Records Centers Information System

| | | | |
|---|---|---|---|
| **Reference Request #:** | ARR1-2884406281 | **Assigned To:** | |
| | | **Batch #:** | AS7284-1 |
| **Request Category:** | General Reference | **Ship To:** | LISA FORSETH<br>US DISTRICT COURT 517 E. WISCONSIN AVE. RM.<br>MILWAUKEE WI 53202 |
| **Transfer #:** | PT-021-2011-0530 | | |
| **Container #:** | 13 | | |
| **Asset #:** | AAC1-352586763 | **Shipping Method:** | SmartScan |
| | | **Shipping Acc #:** | N/A |
| **Asset Location:** | CHI-01-0A-065-1-011-03-004 | **Nature of Service:** | SmartScan |
| | | **Service Level:** | Standard |
| | | **Source:** | Portal |
| **Case/File Information:** | 98-CR-104 (30) ALEJANDRO VALLEJO | **Email:** | lisa_forseth@wied.uscourts.gov |
| **Whole Container:** | N **Public Request:** N | **Agency Comments:** | |
| **Creation Date:** | 10/10/2017 | 492- plea agreement from 2/4/99 493, 494, 495- motions to seal and 2087- government motion for downward departure. This is a huge case but our records show this defendant is in Box #13, Thank you. | |
| **Charge Code:** | TG | | |
| **Requested By:** | LISA FORSETH<br>U.S. Courts | | |

10/11/2017 06:25:06

 AS7284-1 CHI-01-0A-065-1-011-03-004
Transfer#:PT-021-2011-0530 Box:13 CC:TG

ARR1-2884406281 Asset#: AAC1-352586763 Whole Container: N

C/F:98-CR-104 (30) ALEJANDRO VALLEJO Created: 10/10/2017

General Reference SmartScan

Standard SmartScan N/A
TO: LISA FORSETH
US DISTRICT COURT 517 E. WISCONSIN AVE. RM. 362
MILWAUKEE WI 53202
P: (414)297-1209 F: (414)297-3253

Case 2:98-cr-00104-LA Filed 02/04/99 Page 1 of 14 Document 492

SEALED unsealed 2/24/99

U.S. DIST. COURT EAST DIST. WISC.
FILED
FEB - 4 1999
AT _____ O'CLOCK _____ M
SOFRON B. NEDILSKY

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                 Case No. 98-CR-104 (LA)

ALEJANDRO VALLEJO,
a/k/a "Wicked,"

    Defendant.

## PLEA AGREEMENT

The plaintiff, United States of America, by its attorneys, Thomas P. Schneider, United States Attorney for the Eastern District of Wisconsin, and Karine Moreno-Taxman, Christian R. Larsen and Dave Robles, Assistant United States Attorneys, and the defendant, Alejandro Vallejo, individually and by Attorney Winston P. Brown, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

1. The defendant, Alejandro Vallejo, has been charged in two counts of a 28-count superseding indictment which alleges violations of Title 18, United States Code, Sections 1962(c), and (d), and 1963.

2. The defendant, Alejandro Vallejo, states and affirms that he has read the superseding indictment and this plea agreement; that the charges and the terms and conditions of this plea agreement have been fully explained to him by his attorney; and that he fully understands the charges contained in the superseding indictment, the nature and elements of the crimes, and the terms and conditions of this plea agreement.

3. The defendant, Alejandro Vallejo, voluntarily agrees to plead guilty to Count One of the superseding indictment charging a violation of the RICO statute (18 U.S.C. § 1962(c)). A copy of the superseding indictment is attached hereto and Count One thereof is incorporated as though fully set forth herein.

4. The parties understand and agree that the offense to which the defendant will enter a plea of guilty carries the following maximum term of imprisonment and fine: life imprisonment and $250,000.00. The count also carries a mandatory special assessment of $100.00.

5. The parties understand and agree that in order to sustain the charge of RICO, the government must prove each of the following propositions beyond a reasonable doubt:

> First, that the Milwaukee chapter of the Almighty Latin King Nation is an enterprise within the meaning of the statute;
>
> Second, that the defendant in question was associated with the Latin King gang during the times alleged;
>
> Third, that the defendant in question conducted or participated, directly or indirectly, in the conduct of the affairs of the Latin King gang through a pattern of racketeering activity as alleged; and
>
> Fourth, that the Latin King gang engaged in, or its activities affected, interstate commerce.

6. The parties acknowledge, understand, stipulate, and agree:

   a. that the defendant is, in fact, guilty of the offense described in paragraph 3 above, and that the defendant, Alejandro Vallejo, did in fact participate, directly or indirectly, in the conduct of the affairs of the Almighty Latin King Nation, an enterprise as defined by Title 18, United States Code, Section 1961(4), through a pattern of racketeering activity as alleged, and particularly, Racketeering Acts Nos. 21, 22, 25 and 27;

   b. that no threats, promises, representations or other inducements have been made, nor agreements reached, other than those set forth in this agreement to induce the defendant to plead guilty;

2

c. that any sentence imposed by the court will be pursuant to the Sentencing Reform Act and the Sentencing Guidelines;

d. that the defendant's attorney has advised the defendant of the implications of the sentencing guidelines;

e. that notwithstanding this agreement, or any recommendations or estimates of the parties and their attorneys, the sentencing judge will make his own determinations regarding any and all issues relating to the application of the sentencing guidelines;

f. that the sentencing judge is neither a party to nor bound in any way by this agreement, and that the judge may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 4 above;

g. that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge will consider relevant conduct in calculating the guideline range, even if the relevant conduct is not the subject of the offense to which defendant is pleading guilty;

h. that the time limits in Fed. R. Crim. Proc. 32 relating to the presentence report be waived in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing;

i. that the defendant may not move to withdraw his guilty plea solely as a result of the sentence imposed by the court;

j. that this agreement does not require the government to take, or not to take, any particular position on any post-conviction motion, except as set forth in paragraph 8(d) below; and

k. that absent any court order to the contrary, this plea agreement will be filed and become part of the public record in this case.

7. The defendant, Alejandro Vallejo, acknowledges, understands and agrees:

a. to truthfully and completely disclose all information within his knowledge about any and all criminal activities involving himself and/or others. Alejandro Vallejo understands and agrees to testify truthfully before the grand jury and/or at any trial or other court appearance with respect to any matters about which his testimony is requested;

3

b. to give complete, truthful, and accurate information and testimony at all times, and not commit any further crimes whatsoever;

c. that if he commits any further crimes, or should it be determined that he has given false, incomplete, or misleading testimony or information, or should he otherwise violate any provisions of this agreement, Alejandro Vallejo shall thereafter be subject to prosecution for any criminal violation of which this office has knowledge, and additionally, for perjury, obstruction of justice, contempt, and/or making a false statement;

d. that in the event it is determined that he has violated any provision of this agreement, (i) any and all statements made by, or any and all physical evidence supplied by, Alejandro Vallejo to any law enforcement official, or any testimony given by Alejandro Vallejo before a grand jury or other tribunal, whether prior to or subsequent to the signing of this agreement, and any leads from such statements, physical evidence, or testimony, shall be admissible in evidence in any and all criminal proceedings hereafter brought against Alejandro Vallejo whether in federal or state court, and (ii) Alejandro Vallejo shall waive any claim and assert no claim under the United States Constitution, any statute including but not limited to Title 18, United States Code, Sections 6001, 6002 and 6003, any Rule including but not limited to Rule 11(e)(6) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, that statements made, or physical evidence supplied, by him prior to or subsequent to this agreement, or any leads therefrom, should be suppressed; and further

e. that in the event it is determined that he has violated any provision of this agreement, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this agreement may be commenced against Alejandro Vallejo in accordance with this agreement, notwithstanding the expiration of the statute of limitations between the signing of this agreement and the commencement of any such prosecutions, whether they be in federal or state court. It is the intent of this agreement to waive any and all defenses based on the statute of limitations with respect to any prosecutions which are not time-barred on the date this agreement is signed.

8. The government acknowledges, understands and agrees:

a. to move to dismiss count two of the superseding indictment;

b. as authorized by Section 3E1.1 of the Sentencing Guidelines Manual, to recommend a three-level decrease for acceptance of responsibility but only if the defendant exhibits conduct consistent with the acceptance of responsibility;

4

c.  to advise the sentencing judge of the nature and full extent of the defendant's cooperation, including all criminal activities in which the defendant participated and about which he has informed the government; and

d.  to file a motion pursuant to either United States Sentencing Guidelines § 5K1.1 or Federal Rule of Criminal Procedure 35(b), if appropriate, based upon the defendant's substantial cooperation and truthful testimony in the investigation and prosecution of other persons involved in criminal activity. The parties understand and agree that the Court will not be asked to rule on said motion except upon the request of the government and after the conclusion of the defendant's cooperation. The parties further understand and agree that the government, at the time the Court addresses the motion, retains the right to fully advise the Court as to the nature of the defendant's cooperation, and retains the right to recommend any sentence which it deems appropriate in consideration of such cooperation. Finally, the parties understand and agree that any decision on said motion will be at the sole discretion of the sentencing Judge.

9. Both parties reserve the right to:

a.  apprise the district court and the probation office of any and all information which might be pertinent to the sentencing process including, but not limited to, any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors; and

b.  make any recommendation regarding any and all factors pertinent to the determination of the sentencing guideline range; the fine to be imposed; the length of supervised release and the terms and conditions of the release; and any other matters not specifically addressed by this agreement.

10. In entering this agreement, the defendant, Alejandro Vallejo, acknowledges and understands that in so doing he surrenders certain rights which include:

a.  If the defendant persisted in a plea of not guilty to the charge against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

5

b. If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

d. At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence in his own behalf. The defendant would be entitled to compulsory process to call witnesses.

e. At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

11. The defendant, Alejandro Vallejo, acknowledges and understands that by pleading guilty he is waiving all the rights set forth in the prior paragraph. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights.

12. This agreement supersedes all prior understandings, promises and/or conditions, if any, between this office and Alejandro Vallejo. No additional understandings, agreements, promises, and/or conditions have been entered into other than those set forth in this agreement and none will be entered into unless in writing and signed by all parties.

6

13. In summary, Alejandro Vallejo acknowledges, understands and agrees that he will plead guilty to Count One of the superseding indictment as referenced in paragraph 3 above; that he will fully cooperate and testify truthfully as set forth in paragraphs 7(a) and 7(b) above; that all crimes about which he has told the government and in which he has implicated himself, will be brought to the attention of the sentencing court as set forth in paragraph 8(b) above; that so long as he fulfills this agreement, his statements and testimony shall not be used against him in any other criminal proceeding; but that if he violates this agreement, he will be prosecuted fully as set forth in paragraphs 7(c), 7(d) and 7(e) above.

Date: December 28, 1998

ALEJANDRO VALLEJO
Defendant

Date: January 22, 1999

WINSTON P. BROWN
Attorney for Defendant

Date: 1-28-99

THOMAS P. SCHNEIDER
United States Attorney

Date: 1-28-99

KARINE MORENO-TAXMAN
Assistant United States Attorney

Date: 1-28-99

CHRISTIAN R. LARSEN
Assistant United States Attorney

Date: 1/28/99

DAVE ROBLES
Assistant United States Attorney

7

~~SEALED~~ unsealed 2/24/99

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN



U.S. DIST. COURT EAST DIST. WISC.
FILED
FEB - 4 1999
AT _____ O'CLOCK _____ M
SOFRON B. NEDILSKY

UNITED STATES OF AMERICA,

    Plaintiff

v.

ALEJANDRO VALLEJO,

    Defendant.

Case No. 98-CR-~~2292~~ 104

## MOTION FOR SEALING RECORDS

The defendant, Alejandro Vallejo, by his attorney, Winston P. Brown, hereby moves that the defendant's guilty plea agreement, these motion papers and the plea entry proceedings hereafter held, and all records thereof, be held under seal by the Court's order during the pendency of proceedings against him. No brief is planned to be filed in support of this motion.

Dated at Milwaukee, Wisconsin, this 22nd day of January, 1999.

                                              _/s/ Winston P. Brown_
                                              WINSTON P. BROWN
                                              Attorney for Alejandro Vallejo
                                              State Bar No. 01014265

P.O. ADDRESS:
740 North Plankinton Avenue, Suite 210
Milwaukee, Wisconsin 53203
(414) 276-8147

unsealed 2/24/99

~~SEALED~~

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN



U.S. DIST. COURT EAST DIST. WISC.
FILED
FEB - 4 1999
AT _____ O'CLOCK _____ M
SOFRON B. NEDILSKY

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                  Case No. 98-CR-104 (LA)

ALEJANDRO VALLEJO,

    Defendant.

## JOINT MOTION TO SEAL PLEA AGREEMENT AND PLEA PROCEEDINGS

The plaintiff, United States of America, by its attorneys, Thomas P. Schneider, United States Attorney for the Eastern District of Wisconsin, and Karine Moreno-Taxman, David Robles and Christian R. Larsen, Assistant United States Attorneys for said district, and the defendant, Alejandro Vallejo, by his attorney, Winston P. Brown, respectfully request that the Court file and maintain under seal for a period of 60 days all filings related to Alejandro Vallejo and that a change of plea hearing be scheduled and conducted under seal in a closed proceeding. In support of this motion, the parties allege as follows:

1.    In accordance with the plea agreement being filed under seal, the above-captioned defendant has agreed to cooperate and provide testimony both in case number 98-Cr-104 and in related investigations. Because of the danger to the safety of the defendant resulting from his cooperation with the government, the defendant has been accepted into the Federal Bureau of Prisons witness security program. In accordance with the rules of the program, at the conclusion of his plea hearing, the defendant will be housed in a secure facility at a location unknown to the general public.

2. In order to ensure the safety of the defendant during his transportation to and from a change of plea hearing, as well as during the hearing, the United States would request that the hearing be held in a closed proceeding and that all files and proceedings related to this matter be kept and maintained under seal for a period of no more than 60 days. The government anticipates that at the conclusion of the hearing and upon the defendant's return to his place of incarceration, the United States will request that the proceedings, as well as the defendant's plea agreement, be unsealed and made available to defense counsel in case number 98-Cr-104.

3. The defendant's attorney has advised that he joins in this request to temporarily seal all files and proceedings related to the above-captioned defendant for a period of no more than 60 days.

Dated at Milwaukee, Wisconsin, this 4th day of February, 1999.

Respectfully submitted,

THOMAS P. SCHNEIDER
United States Attorney

By:

KARINE MORENO-TAXMAN
DAVID ROBLES
CHRISTIAN R. LARSEN
Assistant United States Attorney

530 Federal Courthouse
517 East Wisconsin Avenue
Milwaukee, WI 53202
(414) 297-1700

2

**SEALED**
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                      Case No. 98-CR-104 (LA)

ALEJANDRO VALLEJO,

        Defendant.

### CERTIFICATE OF SERVICE

This is to certify that KHRYSTAL SIZELOVE, Legal Secretary in the Office of the United States Attorney for the Eastern District of Wisconsin has mailed a copy of the **JOINT MOTION TO SEAL PLEA AGREEMENT AND PLEA PROCEEDINGS** in a properly addressed postage-paid envelope, on the 4th day of February, 1999, to:

    **VIA FACSIMILE AND MAIL**
    <u>**FAX NO. (414) 271-1328**</u>
    Attorney Winston P. Brown
    740 N. Plankinton Ave., Suite 210
    Milwaukee, WI 53203

                                                          _____
                                                          KHRYSTAL SIZELOVE

Copy mailed to attorneys for parties by the Court pursuant to Rule 49 (c) Federal Rules of Criminal Procedures.

unsealed 2/24/99
~~SEALED~~

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN



U.S. DIST. COURT EAST DIST. WISC.
FILED
FEB - 4 1999
AT _____ O'CLOCK _____ M
SOFRON B. NEDILSKY

---

UNITED STATES OF AMERICA,

           Plaintiff,

v.                                      Case No. 98-CR-104 (LA)

ALEJANDRO VALLEJO,

           Defendant.

---

**ORDER SEALING PLEA AGREEMENT AND PLEA PROCEEDINGS**

---

Based upon the motion of the United States, and all the files and proceedings herein,

**IT IS HEREBY ORDERED** that the plea agreement, plea proceedings and all other files and proceedings in the above-listed case shall be sealed for a period of no more than 60 days from the date of this order.

**SIGNED AND ORDERED** this ___4___ day of February, 1999.

BY THE COURT:

_____
HONORABLE LYNN ADELMAN
United States District Judge

ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

U.S. DISTRICT COURT
EASTERN DISTRICT-W.
FILED
'01 APR 24 P1:31
SOFRON B. NEDILSKY
CLERK

UNITED STATES OF AMERICA,

    Plaintiff,

v.                        Case No. 98-CR-104 (LSA)

ALEJANDRO VALLEJO,

    Defendant.

**GOVERNMENT'S MOTION FOR DOWNWARD DEPARTURE**

The plaintiff, United States of America, by its attorneys, Thomas P. Schneider, United States Attorney for the Eastern District of Wisconsin, and Karine Moreno-Taxman, Dave Robles, and Richard G. Frohling, Assistant United States Attorneys for said district, respectfully moves pursuant to Section 5K1.1 of the United States Sentencing Guidelines for a downward departure from the defendant's calculated base offense level based upon his substantial assistance in the investigation and prosecution of others resulting in a recommendation of a 420-month sentence. The government will submit information in support of this motion at the time of sentencing, and based upon that information will request that the Court order a downward departure. The Probation Department has been notified.

Dated at Milwaukee, Wisconsin, this 24th day of April, 2001.

Respectfully submitted,
JAMES L. SANTELLE
United States Attorney

By: _____
KARINE MORENO-TAXMAN
DAVE ROBLES
RICHARD G. FROHLING
Assistant United States Attorneys

530 Federal Courthouse
517 East Wisconsin Avenue
Milwaukee, WI 53202
(414) 297-1700